## Lowry & Bruce *vs* Beckner.

APPEAL FROM THE FLEMING CIRCUIT.

*Instructions. Practice. Agents.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

THIS is an action of trover and conversion, brought by Beckner against Lowry and Bruce, for a stallion called

TROVER.

*Case* 13.

*Sept.* 16.

The case stated.

Jack Downing, in which he recovered $1500, and they have appealed to this Court.

It appears that Beckner employed Grigg &· Graham, as his agents to take a drove of horses to the South, and make sale of them for his benefit, and pay to him the proceeds; that they had sold a part of the drove, and received the money, and that Grigg exchanged one of the drove for the stallion in contest, giving $300 to boot, out of the funds of Beckner, and afterwards procured the gentleman with whom he made the exchange, to execute a bill of sale to him for the stallion, stating the consideration at $1000, and scaled the amounts] for which each horse was sold, so as to cover the sum laid out for the stallion, and brought him to Kentucky, claiming him as his own property, and after standing him for several years, sold him to the defendants, the now appellants, at $1500, with notice of the claim of Beckner, taking from Grigg a bond of indemnity. Beckner afterwards found out the imposition, and sued the defendants in trover, for the horse, and recovered as aforesaid.

If the facts which were submitted to the jury, justified the concluson embraced in the foregoing statement of the case, and no proper instructions were withheld, or improper ones given to the jury, to the prejudice of the defendants, if the case stated will authorize the recovery, then must the judgment be affirmed.

*The finding of the jury approved.* We are clearly of opinion, that the case stated is made out by the proof, and that the jury were not authorized by any counteracting proof adduced, according to any fair or rational interpretation, to come to any other conclusion.

*Where numerous and complicated instructions are asked by counsel, calculated, in the opinion of the Court, to embarrass the jury, it has the right to refuse all, and to give such prepared by himself,* The Court had the unquestionable right to refuse all the instructions asked on both sides, and give such prepared by himself, as might be illustrative of the principles of law involved in the controversy, in any aspect of the proof. And it would be right and proper for him to do so wherever numerous and complicated instructions are asked, calculated to embarrass and mislead rather than to enlighten the jury. But whenever this course is taken, the Court should be careful to embrace in his in-

structions, all the principles of law embraced in the in- <span style="float:right">LOWRY & BRUCE<br>*vs*<br>BECKNER.</span>
structions asked on both sides which should be given.

Upon a comparison of the instructions given by the <span style="float:right">as may illustrate<br>the principles of<br>law involved in<br>the controversy,<br>and asked for by<br>the parties.</span>
Court, with the sixteen asked by the defendant's counsel,
and refused, we think that all that were asked are em-
braced, that should have been given, and the law appli-
cable to the facts of the case fairly expounded to the jury.
At least none have been withheld that should necessarily
have been given, as applicable to the proof, which can be
deemed prejudicial to the defendants below.

There is no proof that any part of the price of the
stallion was paid for out of Grigg's funds, nor that Grigg
settled with Beckner on his return, for the amount of his
funds used in the acquisition of the stallion, or that he
ever apprised Beckner that any were used, or of the
amount. Nor would the jury be justified upon the proof,
in coming to a conclusion upon either of these proposi-
tions, favorable to Grigg. But on the contrary, the proof
strongly and satisfactorily tends to a conclusion that the
whole price was paid out of the funds of Beckner, and
that the prices received for the stock sold was scaled so
as to cover the deficit withdrawn to pay for the stallion,
and a settlement made with Beckner upon this false and
deceitful basis.

If the settlement was thus fraudulently made, and the
profits of the speculation paid to Beckner, upon the hors-
es, such payment cannot have the effect to bar his action
for the horse, if otherwise it can be maintained, and the
instruction to that effect, should not have been given.

The fact of partnership and its effects, was fairly sub- <span style="float:right">The principle<br>that fraud will<br>not be presumed<br>but *must* be pro-<br>ved, if given<br>without qualifi-<br>cation, may<br>sometimes be<br>misleading—and<br>fraud may be *pre-*<br>*sumed* from facts<br>and circumstan-<br>ces, as other<br>higher crimes.</span>
mitted to the jury. And though a witness who testifies to a
fact knowingly, which is manifestly false, is not in the
general to be believed in other facts stated by him, yet if
he inadvertently errs, or is corroborated in the other facts
stated by other witnesses or circumstances, he may be
credited, and the instructions asked upon the point was
calculated to mislead the jury. And though it has often
been asserted in the books, that fraud cannot be presum-
ed, it certainly may be presumed as well as other higher
offences, from facts and circumstances proven, and the
broad instruction asked, without qualification might have

LOWRY & BRUCE  mislead the jury, and upon that ground might properly
        *vs*
BECKNER.       have been refused.

We are brought, therefore, to the question whether, upon the facts stated, the action of trover is maintainable, and we think it is.

An agent, authorized to sell and exchange the *personal property* of his principal, does not by any exchange, divest his principal of his right to the thing received, nor does the agent, by vesting the funds of his principal in property, thereby make the property his own. He can claim the property, or sue for the price, and suing for either is a sufficient election of remedy.

Grigg was the accredited agent of Beckner, entrusted with his stock, with power to transport it to the South and dispose of it for his benefit. If his general powers authorized him to make the exchange, so soon as he, as the agent of Beckner, and dealing with his property, made the contract, and paid the price out of his funds, or so soon as the bargain was struck, the title and property in the stallion, vested in Beckner, the principal, and Grigg, the agent, could not, by any act consistently with his fidelity to his employer, wrest it from him and vest it in himself.

And if his general powers did not extend to authorize him to make the exchange, and he dealing with the funds of his principal, did make it, and pay for it out of the same, the principal might recognize the act, avow the exchange, and sue for the stallion, or disavow the exchange and sue for the price given. And in no event could the agent, by his own act, deprive the principal of this right. The act of the agent, therefore, in taking the bill of sale to himself, originated in bad faith, and was fraudulent and void, and could not have the effect to divest Beckner of his title, or deprive him of his right to sue for the horse. No writing was necessary to pass the title. No analagy exists, therefore, between this case and the case of a purchase or exchange for real estate, or property requiring a written deed or assignment to pass the title. In the latter case, the principal might only be able to recover the property acquired by the agent, as *cestui que use*, in a Court of Equity; as, if the writing by which the title was passed, were declared void, the title would revert to the original owner, and the principal would have no legal basis upon which he could found his action at law.

A purchaser of property from one who has not the right of property, with notice, acquires no title.

As the defendants below purchased the stallion from Grigg, with notice of the plaintiff's claim, they occupy no better attitude than Grigg. Nor was it necessary to demand the stallion from them, as a pre-requisite to the action. Their use of the horse, with notice of his claim,

was a, conversion which authorized the action. Nor was it necessary for the plaintiff to elect and to notify them of his election to take the horse, before instituting his suit. The suit was a sufficient annunciation of his election to do so.

Upon the whole, without pursuing further the numerous objections raised by the counsel, we are clearly of opinion, that the judgment of the Circuit Court should be affirmed, with costs, &c.

*Hord* and *McClung* and *B. & A. Monroe* for appellants: *Payne & Waller* for appellee.